"UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARK JOHNSON DBA JQ SOLUTIONS, | Case No. 1:11-cv-563 |
| Plaintiff, | |
| | Weber, J. |
| | Bowman, M.J. |
| v. | |
| FEDEX/KINKO'S STORE #1726, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

This action is now before the Court on Defendant Fedex/Kinko's motion to dismiss (Doc. 11), Plaintiff's motion to proceed (Doc. 13), and Defendant's responsive memoranda. (Docs. 14, 15).

**I. Procedural Background and Facts**

Plaintiff JQ Solutions initiated this action on August 17, 2011 by filing a *pro se* motion for leave to proceed *in forma pauperis.* (Doc. 1). Thereafter, the Court issued a Show Cause Order directing Plaintiff to clarify whether he was bringing suit on behalf of himself, Mark Johnson, or on behalf of JQ Solutions, a corporate entity. (Doc. 2). Plaintiff responded that he was bringing suit on his own behalf, and the motion for leave to proceed *in forma pauperis* was granted. (Doc. 5). The complaint was then filed on September 28, 2011. (Doc. 6).

Plaintiff's complaint alleges a breach of contract with FedEx/Kinko's Store # 1726[1] because the pricing in this store is different from the pricing in other FedEx/Kinko's stores in the area (Doc. 6 at 3), and allegedly differs within the store by salesperson (Doc. 16). Plaintiff asserts that the Uniform Commercial Code (U.C.C.) prohibits this variant pricing (*Id.*), and requests as relief (in part) that the Court "enforce the U.S. Codes" in favor of his company, JQ Solutions. (Doc. 6 at 4). Plaintiff further asserts that the federal courts have subject matter jurisdiction through 28 U.S.C. § 1331, which grants jurisdiction to the federal courts for lawsuits "arising under the Constitution, laws, or treaties of the United States."

In response, Defendant asserts, *inter alia*, that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim for relief. The undersigned agrees, and for the reasons that follow, recommends that Plaintiff's complaint be dismissed.

**II. Analysis**

**A. Standard of Review**

Plaintiff bears the burden of proving subject matter jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006) (citing *United States ex rel. McKenzie v. BellSouth Telecommunications, Inc.*, 123 F.3d 935, 938 (6th Cir. 1997)). "[W]here a defendant argues that the plaintiff has not alleged sufficient facts in [his] complaint to create subject matter jurisdiction, the trial court takes the allegations in the

---

[1] Defendant alleges that FedEx/Kinko's Store #1726 is not a legal entity and the case could be dismissed on this basis alone. Defendant alleges the proper Defendants are Federal Express Corporation and FedEx Office and Print Services, Inc. Although the Court assumes that to be true, it will address the merits of each claim**.**

complaint as true." *Nichols*, 318 F.3d at 677 (citing *Jones v. City of Lakeland*, 175 F.3d 410, 413 (6th Cir. 1999)).

Furthermore, Rule 8 of the Federal Rules of Civil Procedure states that a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This has been interpreted to indicate that the pleading must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 555). Concerning this case, *pro se* complaints are held to a less rigorous standard than those drafted by attorneys, but the court is not required to discover or create a claim that is not pled. *Williams v. Curtin*, 631 F. 3d 380, 383 (6th Cir. 2011).

### B. **Plaintiff's complaint is properly dismissed pursuant to Rules 12(b)(1) and 12(b)(6)**

Plaintiff's complaint asserts that his claim falls under the U.C.C.. However, the U.C.C. is not a codified federal statute from which Plaintiff can obtain relief. In his

response to the Defendant's motion to dismiss, Plaintiff admits that his claim is not a federal claim, but nonetheless, he asserts that his state law claim should still be heard in federal court pursuant to the rules of pendant jurisdiction, found in 28 U.S.C. § 1367. (Doc. 13 at 1). He also continues to argue that the U.C.C. controls his breach of contract claim. (*Id.* at 3).

The U.C.C. does not grant federal subject matter jurisdiction. *See Motorola Inc. v. Perry,* 917 F.Supp. 43, 48 (D.D.C. 1996) ("Uniform Commercial Code is not a federal law"); *See also Brown v. Countrywide Home Loans*, No. 09CV12359, 2009 U.S. Dist. LEXIS 72396, at *4 (E.D. Mich. Aug. 17, 2009) ("Alleged violations of the UCC raise questions of state law, not federal law"); *Barta v. Farm Serv. Agency*, 8:11CV198, 2011 U.S. Dist. LEXIS 146791, at *7 (D. Neb. Dec. 20, 2011) (finding no federal question jurisdiction where plaintiff's only reference to this was that that the complaint was "filed pursuant to UCC 1 commercial law…and under USA CONSTITUTIONAL LAW" (capitalization in original)).

Taking into account that Plaintiff is a *pro se* complainant and thus held to a less rigorous drafting standard than an attorney (*see Williams v. Curtin*, 631 F. 3d 380, 383 (6th Cir. 2011)), the Court will give Plaintiff some deference and treat his claim as one filed under Title 13 of the Ohio Revised Code, titled the Ohio Uniform Commercial Code. However, this does not cure Plaintiff's deficiencies as the applicable sections of Ohio's U.C.C. only apply to the "sale of goods" and not to "services" as alleged here.[2]

---

[2] "Goods" means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities, and things in action, *see* Ohio Rev. Code §1302.01(A)(8), whereas "Services" means performance of labor for the benefit of another. *See* Ohio Adm.Code §109: 4-3-01(C)(1) and (2).

*See Allied Indus. Serv. Corp. v. Kasle Iron & Metals, Inc.*, 405 N.E.2d 307, 309 (Ohio Ct. App., 1977) (The Ohio Revised Code, Chapter 1302, "applies only to transactions in goods."). In this case, Plaintiff's complaint does not contain any allegations relating to the sale of goods. To the contrary, the complaint expressly asserts that the Defendant overcharged him for shipping "services." (Doc. 6 at 3). Accordingly, to the extent that Plaintiff has asserted a claim under Ohio's U.C.C., his claim fails as a matter of law.

Plaintiff further argues that the Court may properly exercise supplemental jurisdiction over his purported state law breach of contract claim as a result of his claim for remedies under Chapter 6[3] of the U.C.C, which he improperly believes provides him federal relief. (Doc. 13 at 2). 28 U.S.C. § 1367 states that "[with certain exceptions] in any civil action of which the district courts shall have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…." *Id.* at §1367(a)). However, for §1367(a) to apply, the Court must first have original jurisdiction - which it does not. Pursuant to 28 U.S.C. §1331, for the Court to have original jurisdiction the complaint must allege sufficient facts that support a "civil action arising under the Constitution, laws, or treaties of the United States." As set forth above, Plaintiff has not done so here.[4]

---

[3] Chapter 6 of the U.C.C. is titled "Bulk Sales," and gives as background to the subject that legislation on bulk sales was enacted to protect creditors from unscrupulous merchants who would sell their inventories bought with credit, and then spend or hide the money so that creditors could not get at it. The bulk sale would eliminate almost all personal possessions against which in-rem proceedings might otherwise be available.

[4] Although it is possible that the Court would have diversity jurisdiction, there have been no facts alleged that would enable the Court to make that determination.

Finally Plaintiff also alleges "theft by deception," a state law claim which falls under the Ohio Revised Code § 2913.02, the criminal statute for theft. O.R.C § 2307.60 does provide for civil recovery for a criminal act in certain circumstances. However, this is a state law claim and for the reasons set forth above, this Court does not have jurisdiction.

**II. Conclusion**

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED** that: (1) Defendant's motion to dismiss (Doc. 11) be **GRANTED**; (2) Plaintiff's pending motions (Docs. 13, 18[5]) be **DENIED as MOOT**; and (3) this case be **CLOSED**.

                                            *s/Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge

---

[5] On March 8, 2012, Plaintiff filed a " Motion for a Scheduling Conference and Introduction of Stipulated Discovery Plan. (Doc. 18). Said motion, however, does not request any relief from the Court and appears to be Plaintiff's Rule 26(f) report.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MARK JOHNSON DBA JQ SOLUTIONS,<br><br>　Plaintiff,<br><br>v.<br><br>FEDEX/KINKO'S STORE #1726,<br><br>　Defendant. | Case No. 1-11-cv-563<br><br>Weber, J.<br>Bowman, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).